1

2                          **UNITED STATES DISTRICT COURT**

3                                **DISTRICT OF NEVADA**

4                                        **\*\*\***

5   BRANCH BANKING AND TRUST COMPANY,

6                          Plaintiff,                    2:11-cv-01778-LRH-VCF

7   vs.                                                  **REPORT AND RECOMMENDATION**

8   D.M.S.I., L.L.C., et al.,

9                          Defendants.                   [Amended Motion to Extend Deadline to Amend
                                                         Answer and For Leave to File Amended Answer
10                                                        and Counterclaim (#54)]

11          Before the Court is the Amended Motion to Extend Deadline to Amend Answer and For Leave

12   to File Amended Answer and Counterclaim. (#54).

13   **Background:**

14          On November 4, 2011, Plaintiff Branch Banking and Trust Company (hereafter "BB&T") filed

15   their Complaint against Defendants, D.M.S.I, L.L.C., a Nevada limited-liability company, Yoel Iny,

16   Noam Schwartz, Yoel Iny, Trustee of the Y&T Iny Family Trust, and Ronnie Schwartz, Trustee of the

17   NS 1998 Family Trust, alleging Breach of Guaranty and Breach of Covenant of Good Faith and Fair

18   Dealing. (#1).  Defendants  D.M.S.I, L.L.C., a Nevada limited-liability company, Yoel Iny, Noam

19   Schwartz, Yoel Iny, Trustee of the Y&T Iny Family Trust filed a Motion to Dismiss for Lack of

20   Jurisdiction on February 17, 2012. (#13).  Defendants argued that, because there are no allegations in

21   Plaintiff's Complaint with respect to the citizenship of any of the parties, Plaintiff's assertions are

22   facially insufficient to establish subject matter jurisdiction with the Court.  *Id.*  Plaintiff filed its First

23   Amended Complaint on February 29, 2012.  (#14).  Plaintiff states that the Court has subject matter

24   jurisdiction over this case because the parties are of diverse citizenship and the amount in controversy

25   exceeds $75,000.00.  *Id.*  On March 26, 2012, Defendants D.M.S.I, L.L.C., a Nevada limited-liability

1   company, Yoel Iny, Noam Schwartz, Yoel Iny, Trustee of the Y&T Iny Family Trust filed an Answer to

2   the First Amended Complaint (#20).  The Court denied the Motion to Dismiss for Lack of Jurisdiction

3   on March 29, 2012.  (#22).  An Amended Answer to the First Amended Complaint was filed on April

4   16, 2012.  (#23).  The parties submitted a Proposed Discovery Plan and Scheduling Order and the Court

5   granted the Discovery Plan and Scheduling Order on May 2, 2012.  On June 5, 2012, Plaintiff filed the

6   Motion for Entry of Clerks Default of Defendant Ronnie Schwartz Trustee of the NS 1998 Family Trust.

7   (#27).   On June 28, 2012, the Court granted the Stipulation and Order to Amend First Amended

8   Complaint; and Set Aside Default of Ronnie Schwartz, Trustees of NS 1998 Family Trust.  (#30).  The

9   parties stipulated to set aside the default of Defendant Ronnie Schwartz, Trustee of the NS 1998 Family

10  Trust (#28), to dismiss Defendant Schwartz from the action, for Plaintiff to amend the First Amended

11  Complaint (#14) to remove Ronnie Schwartz as the Trustee of the NS 1998 Family Trust and to instead

12  name NST Holding Inc. as the Trustee of the NS 1998 Family Trust, and that the law firm of Gordon

13  Silver will accept service of the Second Amended Complaint on behalf of all Defendants.  *Id.*

14  Defendants filed their answers to the Second Amended Complaint on July 16, 2012 and July 27, 2012.

15  (#'s 34 & 35).   The Court granted the Stipulation and Order to Extend Discovery Deadlines on

16  December 4, 2012.  (#44).  On January 14, 2013, Defendants filed the Motion to Extend Deadline to

17  Amend Answer and for Leave to File Amended Answers (#47), seeking an extension of the deadline to

18  amend the pleadings and add parties from October 1, 2012 to January 14, 2013.  On February 19, 2013,

19  the Court granted Defendants' Motion to Extend Deadline to Amend Answer and for Leave to File

20  Amended Answers (#47).  (#49). Defendants filed their Amended Answer to the Second Amended

21  Complaint, which included four additional affirmative defenses (#'s 50 & 51).  On March 13, 2013,

22  Defendants filed the instant motion.  (#54).

23  ///

**Defendants' Position:**

Defendants seek for an extension of the deadline to amend Defendants' Amended Answers to Second Amended Complaint (#'s 50 & 51) to include a Counterclaim for breach of oral contract and promissory estoppel.  Defendants state that, "[t]hat the Counterclaim is primarily based on documents that have already been produced in sister cases."  Defendants argue that the delay of filing the Counterclaim is approximately two months which is not long enough to have any adverse impact on the litigation.  Defendants state that they have acted in good faith and "have demonstrated the failure to file within the subject deadline was the result of excusable neglect." *Id.* "The only reason the deadline was not satisfied is that [Kolesar & Leatham (hereafter "K&L")][1] did not become aware of the existence of counterclaims for breach of oral contract and promissory estoppel until discovery had already commenced. The deadline to amend pleadings had already passed when Defendants retained K&L." *Id.*

**Plaintiff's Opposition:**

On April 1, 2013, Plaintiff filed the Opposition to Defendants' Amended Motion to Extend Deadline to Amend Answer and for Leave to File Amended Answer and Counterclaim (#58).  Plaintiff states that granting the motion will prejudice BB&T and reward Defendants for failing to be diligent. *Id.*  Defendant failed to satisfy the good cause standard under Fed. R. Civ. P. 16(b).  "Where a party seeks to amend a pleading after the scheduling order's deadline has expired, the moving party must satisfy the stringent "good cause" standard under Rule 16 of the Federal Rule of Civil Procedure ("FRCP") not the more liberal standard under Rule 15(a)." *Id.* Plaintiff states that Defendant failed to comply with Local Rule 26-4 that requires request to extend discovery must be supported by a showing of good cause for the extension and must be made twenty-one (21) days before the deadline. *Id.*

///

---

[1] On November 19, 2012, K&L substituted in as counsel of record for Defendants. (#42).

**Discussion:**

The Court should consider five factors in deciding whether to grant leave to amend under Rule 15(a): "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990).* Pursuant to Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course within...21 days after serving it," and "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." There was undue delay in filing Defendants' Amended Motion to Extend Deadline to Amend Answer and for Leave to File Amended Answer and Counterclaim (#58). Defendants failed to comply with Local Rule 26-4 that requires request to extend discovery must be supported by a showing of good cause for the extension and must be made twenty-one (21) days before the deadline. Defendants failed to show good cause  and excusable neglect as to why the deadline was missed. Defendants state that "[t]he only reason the deadline was not satisfied is that K&L did not become aware of the existence of counterclaims for breach of oral contract and promissory estoppel until discovery had already commenced. The deadline to amend pleadings had already passed when Defendants retained K&L." (#54). Kolesar and Leatham substituted in as counsel of record on November 21, 2012. (#42). The deadline to amend pleadings was November 5, 2012. (#25). On December 3, 2012, the parties filed a Stipulation and Order to Extend Discovery Deadlines (#43) but did not seek to extend the deadline to amend pleadings. Defendants have not provided sufficient reason why there was such a delay to assert the new counterclaims that are based on documents that have been produced in their sister cases. Plaintiff would be prejudiced if new counterclaims are filed after discovery has closed. Discovery would be re-opened and Defendants would be allowed additional time to conduct discovery.

///

**RECOMMENDATION**

Based on the foregoing, it is the recommendation of the undersigned United States Magistrate Judge that  Defendants' Amended Motion to Extend Deadline to Amend Answer and For Leave to File Amended Answer and Counterclaim (#54) is DENIED.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); Britt v. Simi Valley United Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983).

DATED this ___16th___ day of May, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE