UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BRANCH BANKING AND TRUST COMPANY,

    Plaintiff,

v.

D.M.S.I., L.L.C., *et al.*,

    Defendants.

Case No. 2:11-cv-01778-APG-VCF

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND NONTAXABLE COSTS**

ECF No. 141

Plaintiff Branch Banking and Trust Company has moved for an award of its attorney's fees and nontaxable costs incurred in connection with this matter. BB&T brought this action in November 2011, alleging that the defendants had failed to repay a loan. It sought judgment for the unpaid principal due on the loan plus fees, costs, and interest. ECF No. 1. I granted summary judgment in BB&T's favor on the defendants' liability for breaches of the loan's promissory note (the "Promissory Note") and the commercial guaranties (the "Commercial Guaranties"). ECF No. 128. Judgment was subsequently entered in favor of BB&T and against the defendants in the amount of $7,171,197.99. ECF No. 140. BB&T now seeks attorney's fees in the amount of $168,280.55 and nontaxable costs and expenses in the amount of $3,677.39.

The defendants oppose the motion, arguing that BB&T has failed to comply with Local Rule 54-16 and therefore the motion should be denied in its entirety. They also contend that BB&T's fee request is unreasonable for various reasons. They argue that BB&T's request for nontaxable costs should also be denied because the Promissory Note does not permit recovery of such costs.

## I. LEGAL STANDARD

"If state substantive law governs a case, then an award of attorney fees is also governed by state law." *Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 218 (9th Cir. 2013). Federal courts in diversity cases follow the law of the state in which the district court sits, including with respect to issues of conflict of laws. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). "Nevada tends to

follow the Restatement (Second) of Conflict of Laws (1971) in determining choice-of law questions involving contracts." *Progressive Gulf Ins. Co. v. Faehnrich*, 752 F.3d 746, 750 (9th Cir. 2014) (citation omitted). "The law of the state chosen by the parties to govern their contractual rights and duties will be applied." Restatement (Second) of Conflict of Laws § 187(1) (1971). Regarding the right to attorney's fees, Nevada law "ha[s] consistently held that attorney's fees are only available when authorized by a rule, statute, or contract." *Flamingo Realty, Inc. v. Midwest Dev., Inc.*, 879 P.2d 69, 73 (Nev. 1994) (citations and quotation omitted).

The reasonableness of an attorney's fee award is also determined by state law when a federal court is sitting in diversity. *Mangold v. Cal. Pub. Util. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995). In Nevada, "the method upon which a reasonable fee is determined is subject to the discretion of the court," which "is tempered only by reason and fairness." *Shuette v. Beazer Homes Holdings Corp.*, 124 P.3d 530, 548-49 (Nev. 2005) (quoting *Univ. of Nev. v. Tarkanian*, 879 P.2d 1180, 1188, 1186 (Nev. 1994)). One permissible method of calculation is the lodestar approach, which involves multiplying "the number of hours reasonably spent on the case by a reasonable hourly rate." *See id.* at 549 & n.98 (quoting *Herbst v. Humana Health Ins. of Nev.*, 781 P.2d 762, 764 (Nev. 1989)); *see also Sobel v. Hertz Corp.*, 53 F. Supp. 3d 1319, 1325-26 (D. Nev. 2014). In most cases, the lodestar figure is a presumptively reasonable fee award. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

In determining the reasonableness of a fee request, I am guided by the factors listed in *Brunzell v. Golden Gate National Bank*:

> (1) the qualities of the advocate: his ability, his training, education, experience, professional standing and skill; (2) the character of the work to be done: its difficulty, its intricacy, its importance, time and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation; (3) the work actually performed by the lawyer: the skill, time and attention given to the work; (4) the result: whether the attorney was successful and what benefits were derived.

455 P.2d 31, 33 (Nev. 1969); *see also Haley v. Dist. Ct.*, 273 P.3d 855, 860 (Nev. 2012) ("[i]n determining the amount of fees to award, the court is not limited to one specific approach; its

analysis may begin with any method rationally designed to calculate a reasonable amount, so long as the requested amount is reviewed in light of the factors set forth in *Brunzell*" (quotation and citation omitted)).

I also am guided by the factors set forth in Local Rule 54-16(b). *See Schneider v. Elko Cty. Sheriff's Dep't*, 17 F. Supp. 2d 1162, 1166 (D. Nev. 1998). That rule provides that the motion must include the following:

> (1) A reasonable itemization and description of the work performed;
> (2) An itemization of all costs sought to be charged as part of the fee award and not otherwise taxable pursuant to LR 54-1 through 54-15;
> (3) A brief summary of:
>   (A) The results obtained and the amount involved;
>   (B) The time and labor required;
>   (C) The novelty and difficulty of the questions involved;
>   (D) The skill requisite to perform the legal service properly;
>   (E) The preclusion of other employment by the attorney due to acceptance of the case;
>   (F) The customary fee;
>   (G) Whether the fee is fixed or contingent;
>   (H) The time limitations imposed by the client or the circumstances;
>   (I) The experience, reputation, and ability of the attorney(s);
>   (J) The undesirability of the case, if any;
>   (K) The nature and length of the professional relationship with the client;
>   (L) Awards in similar cases; and,
> (4) Such other information as the Court may direct.

LR 54-16(b).

Although state law governs whether a party is entitled to attorney's fees, federal law dictates the procedure for requesting attorney's fees. *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007). A motion for attorney's fees and related nontaxable costs must be filed no later than 14 days after the entry of judgment. Fed. R. Civ. P. 54(d)(2)(B)(i). The motion must state the amount sought or provide a fair estimate. Fed. R. Civ. P. 54(d)(2)(B)(iii). The motion must be accompanied by an affidavit from the attorney responsible for the billings in the case to authenticate the information contained in the motion and to confirm that the bill has been reviewed and edited and that the fees and costs charged are reasonable. LR 54-16(c). "Failure to

provide the information required by LR 54–16(b) and (c) in a motion for attorneys' fees constitutes a consent to the denial of the motion." LR 54-16(d).  The Local Rules also permit an award of attorney's fees to include costs and expenses that are not otherwise taxable pursuant to Rule 54(d)(2) (*i.e.,* nontaxable costs). *See* LR 54-16(b)(2).

## II.     ANALYSIS

### A. Attorney's Fees

BB&T requests an attorney's fee award of $168,280.55.  In support, it attaches the affidavit of Jeremy J. Nork, Esq., lead counsel for BB&T, and a billing report detailing the requested attorney's fees.  BB&T argues that the Promissory Note and Commercial Guaranties authorize such an award.  The Promissory Note is governed by Nevada law and, with respect to attorney's fees and costs, states:

> ATTORNEYS' FEES; EXPENSES: Lender may hire or pay someone else to help collect this note if Borrower does not pay.  Borrower will pay Lender that amount.  This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees, expenses or bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals.  If not prohibited by applicable law, Borrower also will pay any court costs, in addition to all other sums provided by law.

ECF No. 64 at 17.  The Commercial Guaranties are also governed by Nevada law and contain almost identical language. *See id.* at 21, 25.  The parties do not dispute that the provisions in the Promissory Note and Commercial Guaranties entitle BB&T to some amount of attorney's fees related to this litigation.  Because Nevada law states that attorney's fees are available when authorized by a contract, BB&T is entitled to attorney's fees and costs based on the Promissory Note and Commercial Guaranties.

It appears that BB&T's proposed attorney's fee award was calculated by multiplying the number of hours spent on the case by the hourly rate of each associate or employee.  This is the basic formation of the lodestar method and is presumed reasonable unless the factors listed in *Brunzell* or Local Rule 54-16 dictate a different result.

*i. Failure to Comply with Local Rule 54-16*

The defendants argue that BB&T has failed to comply with Local Rule 54-16(b)(3) because it has failed to address each of the twelve factors individually and in depth. They argue that failure to comply with Local Rule 54-16 is sufficient grounds to deny a motion for attorney's fees in its entirety. BB&T replies that there is no set form to satisfying the twelve factors and that Local Rule 54-16(b)(3) only requires a "brief summary" of each. BB&T argues that it has sufficiently addressed each of the twelve factors, and that where its summaries are brief it is because the factor in question does not apply or does not warrant a longer summary.

There is no set form to satisfying the factors listed in Local Rule 54-16. Depending on the facts of a particular case, some factors may require more detailed analysis while others may be satisfied in a single sentence.[1] BB&T's motion analyzes the *Brunzell* factors, noting in footnotes when the facts outlined in the motion address the factors listed in Local Rule 54-16(b)(3). The motion sufficiently addresses all but one of the twelve factors listed in Local Rule 54-16. The one factor left unaddressed does not change the analysis of BB&T's proposed fee award.[2] While the defendants argue that BB&T's alleged noncompliance with Local Rule 54-16 demonstrates that its requested attorney's fee award and associated billing rates "are high, void of any

---

[1] For example, Local Rule 54-16(b)(3)(G) requires a party to state whether the attorney's fees are fixed or contingent.

[2] BB&T's motion does not provide examples of awards in similar cases as listed in Local Rule 54-16(b)(3)(L). In its reply, BB&T states that this a general commercial case and therefore "the awards fall in line with the standards set forth in Local Rule 54-16 and the *Brunzell* factors." ECF No. 150 at 3 n.3. While this response does not specifically satisfy the requirement of Local Rule 54-16(b)(3)(L), Mr. Nork swears under oath in his affidavit that he has reviewed the fees related to this litigation and states they were reasonable and necessary. The defendants do not offer any evidence or argument on why this factor is specifically important to this case, nor do they argue that the fee awards in similar cases are different from the one proposed here. Therefore, this deficiency does not change my analysis of the proposed award.

economies of scale and excessive," they cite no evidence to support this argument. I find that BB&T's motion complies with Local Rule 54-16's requirements.

### ii. *Reasonableness of Attorney's Fees*

The defendants argue that the attorney's fees BB&T requests are unreasonable for various reasons.

#### 1. *Utilization of Numerous Personnel*

The defendants argue that "[o]n its face, utilizing fourteen different people for one case is unreasonable." They cite no case law in support of this argument. They also argue that BB&T has failed to demonstrate why it should recover fees associated with the practice support work of Catherine Bradshaw and a Lexis Technician.

BB&T responds that the lead partner and lead associate on the case have never changed, but that at times it utilized other associates and employees for various assignments in order to be cost-efficient. It also contends that the litigation has been ongoing for several years and therefore various associates who have worked on the matter needed to be replaced at over time if they left the firm or took leave. With respect to the work of Catherine Bradshaw and the Lexis Technician, BB&T states it is willing to forgo those fees, totaling $158.90.

Because BB&T is withdrawing its request for the $158.50 in fees associated with Catherine Bradshaw and the Lexis Technician, those fees will not be awarded and its motion is denied as to that amount. However, the use of different associates at various times throughout a case is not *per se* unreasonable and the defendants have given no explanation why BB&T's use of different associates during the course of this case was unreasonable.

#### 2. *The Fees are Excessive in Light of the Nature of the Litigation*

The defendants next argue that the requested fee award is excessive because the matter did not go to trial, and yet Mr. Nork's fees account for 54% of the total fee request. They argue that because Mr. Nork is a "trial attorney," his fees account for a disproportionate amount of the total requested award. BB&T responds that Mr. Nork was lead counsel on the matter and thus it was appropriate for him to be involved in the litigation from its inception and throughout. In addition,

1  it contends there were numerous legal issues that arose during the litigation that required Mr.
2  Nork's expertise.
3       I agree with BB&T.  The defendants cite no case law or evidence to support their
4  contention that a trial attorney who is lead counsel on a case should not be involved in a case until
5  trial is set to begin.  Nor do they offer any evidence or case law to support their argument that Mr.
6  Nork's specific billing rates or percentages are unreasonable.

*3. Work Not Reasonably Related to the Litigation*

8       The defendants argue that BB&T's requested attorney's fees include items not related to
9  this litigation.  Specifically, they argue that certain work by Stephen Novaceck related to the
10 FDIC was not done for BB&T in this litigation.  They also argue that one entry related to work
11 performed by Mr. Nork for an "audit" and did not relate to this matter.
12      BB&T responds that Mr. Novaceck is a real-estate transaction specialist and the work in
13 question related to his drafting of the assignment and various other loan documents related to the
14 loan at issue in this case. It argues it was done to ensure there was sufficient evidence that BB&T
15 had the right to enforce the loan.  It contends that this work was done for BB&T and is
16 recoverable.  With regard to the entry related to the audit, BB&T states that it no longer seeks this
17 amount.
18      Because BB&T is withdrawing its request for the $182.25 in fees related to the audit, that
19 amount will not be awarded and the motion is denied as to that amount.  Regarding the work done
20 by Mr. Novaceck, on the same day that BB&T filed this motion for attorney's fees and costs, it
21 also filed nearly identical motions in two other matters before me. *See Branch Banking and Tr.*
22 *Co. v. Regena Homes, LLC*, No. 2:12-cv-00451-APG-GWF, ECF No. 180 (Sept. 10, 2015) and
23 *Branch Banking and Tr. Co. v. Smoke Ranch Dev., LLC*, No. 2:12-cv-00453-APG-NJK, ECF No.
24 183 (Sept. 10, 2015).  The tables of fees submitted in those two cases also includes the exact same
25 four billing entries of Mr. Novaceck. *See Regena Homes, LLC*, No. 2:12-cv-00451-APG-GWF,
26 ECF No. 180-1 at 9-10; *Smoke Ranch Dev., LLC*, No. 2:12-cv-00453-APG-NJK, ECF No. 183-1
27 at 9.  Because it is impossible to determine to which matter these entries rightly belong—and

against which defendant they should be awarded—I deny BB&T's motion as it relates to these fees, totaling $640.00.

### 4. *Work Not Sufficiently Described, or Repetitive, or Block Billed*

The defendants argue that several entries in the table submitted by BB&T are not sufficiently described and are block-billed, specifically various entries by paralegal Ebony Hardy. They further argue that several entries appear to be duplicative work completed by different people or are excessive. For example, they note that both Mr. Novacek and Mr. Nork billed for time drafting the complaint, and that the two attorneys billed 35 hours for drafting the opposition to the defendants' motion for leave to amend.

BB&T responds that all of the work performed was sufficiently described in the billing records and is reasonable. It argues Mr. Novacek and Mr. Nork collaborated in drafting the complaint so it is reasonable that they both billed for their time. It further contends that its opposition to the motion for leave to amend was successful and avoided a counterclaim and therefore the 35 hours were reasonable and necessary. With regard to the work of Ebony Hardy, BB&T contends that she spent numerous hours reviewing documents disclosed through discovery and therefore her billing hours and descriptions are accurate and reasonable.

Upon review of the highlighted entries, they sufficiently detail the character of the work and are presumptively reasonable.[3] It is not inappropriate or unreasonable for multiple partners to have input in drafting litigation documents, especially the complaint upon which the litigation is initiated. Additionally, "block-billed time entries are generally amenable to consideration under

---

[3] The defendants' opposition contained a bullet-point list of various entries or categories of work they believe unreasonable. While several of the bullet points referenced specific billing entries, others did not. For example, one entry states, "[t]here are numerous examples of undifferentiated work completed by Ebony Hardy with generic description of 'voluminous' documents." ECF No. 145 at 6. No citation to specific entries is given. For bullet points like this, the defendants have not given me enough information to understand what entries they oppose and why they are unreasonable. It is not my burden to search the record for supporting information. *See Nat'l Ins. Co. v. Baltes*, 15 F.3d 660, 662–63 (7th Cir. 1994) ("District judges are not archeologists. They need not excavate masses of papers in search of revealing tidbits.").

the *Brunzell* factors." *In re Margaret Mary Adams 2006 Trust*, No. 61710, 2015 WL 1423378, at *2 (Nev. Mar. 26, 2015) (citing *Mendez v. Cnty. of San Bernardino*, 540 F.3d 1109, 1129 (9th Cir. 2008), *overruled on other grounds by Arizona v. ASARCO LLC*, 773 F.3d 1050 (9th Cir. 2014)); *see also Fischer v. SJP-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (block billing is not inappropriate *per se* when the party seeking fees meets the basic requirements of "listing his hours and identifying the general subject matter of his time expenditures" (internal quotations omitted)); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (noting that although the fee applicant bears the burden of submitting "evidence supporting the hours worked and rates claimed," an applicant is "not required to record in great detail how each minute of his time was expended"). The various entries cited to by the defendants are presumptively reasonable.

### 5. *Work Performed on Unsuccessful Motions*

The defendants argue that BB&T is not entitled to fees related to unnecessary and unsuccessful motions. They cite to several entries in 2012 related to a motion for summary judgment that they argue was never filed. In addition, they contend that fees should not be awarded on the work spent on BB&T's failed motion for sanctions.

BB&T responds that drafts of its motion for summary judgment began in May 2012 and were edited throughout that year before being finalized and filed in 2013. Thus, this was not work on a separate motion for summary judgment. It points out that this motion was eventually granted and resolved the entire litigation. Thus, the motion was both necessary and successful.

With regards to its failed motion for sanctions, BB&T contends that the motion was related to the defendants' filing of their motion for reconsideration. Because the motion for reconsideration was subsequently denied, BB&T argues that the fees spent on its motion for sanctions, while unsuccessful, was not meritless or unnecessary.

Neither party cites any statute or case law in support of its position. Upon review, the 2012 entries related to the motion for summary judgment are reasonable. BB&T states they were done in preparation for the summary judgment motion that was filed in 2013, and which

eventually resolved this matter.  These fees are presumptively reasonable and the defendants have presented no evidence or argument to the contrary.

On the entries related to BB&T's failed motion for sanctions, those fees were not reasonable or necessary.  BB&T is entitled to recover fees related to responding to the defendants' motion for reconsideration, but it is not entitled to fees related to its failed motion for sanctions.  Work on that motion was done in November and December 2014. *See* ECF No. 141-1 at 18.  Upon review of the billing table provided by BB&T, fees related to this motion total $1,497.60. *See id.* (billing entries on 11/17/2014, 12/4/2014, 12/10/2014, 12/22/2014).  This amount will not be awarded.

### B.  Nontaxable Costs

BB&T also requests nontaxable costs in the amount of $3,677.39.  It argues that it is entitled to costs under the loan documents and that both Rule 54(d)(1) and Local Rule 54-1 allow a prevailing party to recover nontaxable costs.  The defendants respond that the Promissory Note does not entitle BB&T to nontaxable costs.  They further argue that the itemized table of costs provided by BB&T includes both taxable and nontaxable costs, lacks the appropriate descriptions, and that BB&T has failed to provide backup receipts.

Rule 54(d) contains two separate provisions for costs.  To request taxable costs, the prevailing party must file a bill of costs with the clerk. LR 54-1.  Taxable costs are taxed by the clerk rather than the Court. Fed. R. Civ. Proc. 54(d)(1); LR 54-1.  The categories of taxable costs are circumscribed by 28 U.S.C. § 1920. *See also* LR 54-1.  For example, filing fees and service of process expenses are taxable costs. *See* 28 U.S.C. § 1920(1).

By contrast, nontaxable costs are recoverable on a motion to the court under Rule 54(d)(2) along with attorney's fees. Fed. R. Civ. Proc. 54(d)(2) ("claim for attorney's fees and related nontaxable expenses") & Advisory Comm. Note to 1993 Am. ("This new paragraph establishes a procedure for presenting claims for attorneys' fees, whether or not denominated as 'costs.'  It applies also to requests for reimbursement of expenses, not taxable as costs, when recoverable under governing law incident to the award of fees."); *see also* LR 54-16(b)(2) (a motion for

1  attorney's fees must include "[a]n itemization of all costs sought to be charged as part of the fee
2  award and not otherwise taxable pursuant to LR 54-1 through 54-15"). For example, copy,
3  postage, travel, research, and Pacer expenses are nontaxable costs.

4  An award of costs involves a two-step inquiry. I must first determine who is a "prevailing
5  party" under Rule 54, and then I must determine "how much (if any) costs should be awarded to
6  the prevailing party." *Shum v. Intel Corp.*, 629 F .3d 1360, 1366 (Fed. Cir. 2010); *Ass'n of Mex.-
7  Am. Educators v. Cal.*, 231 F.3d 572, 593 (9th Cir. 2000) (noting that district courts have
8  discretion in choosing to award costs under Rule 54(d)). In the Ninth Circuit, there is a
9  presumption in favor of awarding costs to the prevailing party. *Dawson v. City of Seattle*, 435
10 F.3d 1054, 1070 (9th Cir. 2006). To overcome this presumption, the losing party must establish a
11 reason to deny costs. *Id.*

12 The Promissory Note states: "If not prohibited by applicable law, Borrower also will pay
13 any court costs, in addition to other sums provided by law." ECF No. 64 at 17. The Commercial
14 Guaranties contain similar language. *See id.* at 21, 25. Rule 54 and Local Rule 54-1 allow a
15 prevailing party[4] to recover nontaxable costs. Therefore, BB&T is entitled to some award of
16 nontaxable costs based on the federal and local rules and the Promissory Note and Commercial
17 Guaranties.

18 However, it is unclear from the motion and exhibits what costs BB&T is seeking in its
19 request. The motion cites Rule 54(d)(1) for its request for nontaxable costs, but that subsection
20 relates to taxable costs. BB&T provides a table outlining various costs presumably associated
21 with this case, but the table includes both taxable and nontaxable expenses. *See* ECF No. 141-1 at
22 20-21. Additionally, the bottom of the table includes a total of $9,434.01 in costs, yet BB&T
23 requests only $3,677.39. Thus, even if I assume BB&T mistakenly cited to the wrong subsection
24 of Rule 54 in its request for nontaxable costs, it is still unclear how BB&T calculated its
25 $3,677.39 request. It is therefore also impossible to determine if that amount is accurate or if the

26

---

27  [4] Neither party disputes that BB&T is a prevailing party for purposes of awarding costs.

costs listed are the types covered under Rule 54(d)(2). I therefore deny BB&T's request for nontaxable costs without prejudice. BB&T has 14 days from the date of this Order to file a new motion for nontaxable costs consistent with this Order, Federal Rule of Civil Procedure 54(d)(2), and Local Rule 54-16(b)(2).[5]

### III.     CONCLUSION

IT IS THEREFORE ORDERED that plaintiff Branch Banking and Trust Company's motion for attorney's fees and nontaxable costs **(ECF No. #141) is GRANTED in part and DENIED in part**. It is denied as to the $158.50 in fees associated with Catherine Bradshaw and the Lexis Technician, the $182.25 in fees related to the audit, the $640.00 in fees associated with the FDIC assignment, and the $1,497.60 in fees associated with the motion for sanctions. It is also denied without prejudice as to nontaxable costs. BB&T has 14 days from the date of this Order to file an updated motion for nontaxable costs.

IT IS FURTHER ORDERED that the clerk of court shall enter judgment in favor of the plaintiffs and against the defendants for attorney's fees in the amount of $165,802.20.

DATED this 6th day of September, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[5] The defendants also argue that BB&T did not submit receipts for its nontaxable costs, yet they cite no case law, statute or local rule which requires this. Local Rule 54-16(b) requires "[a]n itemization of all costs sought to be charged as part of the fee award and not otherwise taxable." If there are specific itemized costs which the defendants wish to dispute because they believe them to be unreasonable, they are free to highlight those specific entries in their opposition to any renewed motion for nontaxable costs BB&T may file.