**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY, | Case No. 2:11-cv-01778-APG-VCF |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR NON-TAXABLE COSTS** |
| v. | |
| D.M.S.I., L.L.C., *et al.*, | (ECF No. 157) |
| Defendants. | |

Plaintiff Branch Banking and Trust Company (BB&T) previously moved for an award of attorney's fees and non-taxable costs incurred in connection with this matter. I denied BB&T's request for non-taxable costs because it was unclear what costs BB&T was seeking as non-taxable costs. However, I granted BB&T leave to file a new motion for non-taxable costs.

BB&T renews its motion for non-taxable costs in the amount of $3,677.39 and attaches in support a declaration and a spreadsheet purporting to show costs incurred in this action. The defendants oppose, arguing that the description of certain costs is inadequate to determine what the cost was, whether it was related to this litigation, and whether it was reasonable. Specifically, the defendants object to: (1) four of the five cost items related to the deposition of Tamara Stidham; (2) the cost items related to the deposition of Oscar Bruni; (3) the cost items related to the hearing on the motion to compel; (4) the cost items related to the hearing on the motion for summary judgment; and (5) Westlaw research.

BB&T responds that the agreements between the parties do not condition the recovery of fees on reasonableness. BB&T also argues that the small dollar amounts and the identification of the depositions and hearings are sufficient to award BB&T its costs.

**I. LEGAL STANDARD**

Non-taxable costs are recoverable on a motion to the court under Rule 54(d)(2). Fed. R. Civ. Proc. 54(d)(2); *see also* LR 54-16(b)(2) (a motion for attorney's fees must include "[a]n itemization of all costs sought to be charged as part of the fee award and not otherwise taxable

1  pursuant to LR 54-1 through 54-15"). An award of costs involves a two-step inquiry. I must first

2  determine who is a "prevailing party" under Rule 54, and then I must determine "how much (if

3  any) costs should be awarded to the prevailing party." *Shum v. Intel Corp.*, 629 F .3d 1360, 1366

4  (Fed. Cir. 2010); *Ass'n of Mex.-Am. Educators v. Cal.*, 231 F.3d 572, 593 (9th Cir. 2000) (noting

5  that district courts have discretion in choosing to award costs under Rule 54(d)). There is a

6  presumption in favor of awarding costs to the prevailing party. *Dawson v. City of Seattle*, 435

7  F.3d 1054, 1070 (9th Cir. 2006). To overcome this presumption, the losing party must establish a

8  reason to deny costs. *Id.*

9      As stated in my prior order, BB&T is a prevailing party who is entitled to recover some

10  non-taxable costs under the loan documents. ECF No. 154. Thus, the only question is what

11  amount, if any, BB&T should be awarded.

12      **A. Deposition of Tamara Stidham**

13      The spreadsheet identifies four costs items that are described only as "Travel to Las Vegas

14  for Depo of Tamara Stidham" and one item that is described as "Travel to Las Vegas for Depo of

15  Tamara Stidham; airport parking." ECF No. 157-1 at 5. Only the airport parking item is

16  sufficiently described for me to determine whether the cost incurred was reasonable. BB&T

17  contends it need not show its costs were reasonable because the loan documents do not limit

18  recovery to reasonable costs. However, every contract has an implied covenant of good faith and

19  fair dealing. *See Ins. Co. of the W. v. Gibson Tile Co.*, 134 P.3d 698, 702 (Nev. 2006).

20  Consequently, BB&T cannot seek unreasonable or unrelated costs. Because BB&T has not

21  adequately described these requested costs, I deny them except for the $14.00 in airport parking.

22      **B. Deposition of Oscar Bruni**

23      The spreadsheet identifies five costs items that are described only as "Deposition of Oscar

24  Bruni." ECF No. 157-1 at 5. Because BB&T has not adequately described these requested costs,

25  I deny them.

26  / / / /

27  / / / /

28

**C. Hearing on the Motion to Compel**

The spreadsheet identifies five costs items that are described only as "Hearing re motion to compel." *Id.* Because BB&T has not adequately described these requested costs, I deny them.

**D. Hearing on the Motion for Summary Judgment**

The spreadsheet identifies five costs items that are described only as "5/20 MSJ Hearing" and "JJNork; BB&T Hearing." *Id.* Because BB&T has not adequately described these requested costs, I deny them.

**E. Westlaw Research**

Several entries refer to Westlaw. The requested amounts are reasonable in light of the legal research that would be needed in a case such as this one. I therefore award these costs.

**II. CONCLUSION**

IT IS THEREFORE ORDERED that plaintiff Branch Banking and Trust Company's renewed motion for non-taxable costs **(ECF No. 157) is GRANTED in part and DENIED in part**. BB&T is awarded **$1,524.77** in non-taxable costs. The clerk of court is instructed to amend the Judgment (ECF No. 155) accordingly.

DATED this 28th day of April, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE